## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

NICOLE SUMMERS STOKELY,　　　　　)
Individually, and JAMES STOKELY,　　)
Individually, and NICOLE SUMMERS　)
STOKELY, as Administratrix of the　　)
Estate of DEVONT'A STOKELY,　　　　)
deceased,　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　Plaintiffs,　　　　　　　　　　)　　CIVIL ACTION FILE
　　　　　　　　　　　　　　　　　　　)　　NO. 08A99139-2
v.　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
LAKESHORE ATLANTA　　　　　　　　)
APARTMENTS LLLP and VENTRON　　)
MANAGEMENT, LLC D/B/A　　　　　　)
LAKESHORE APARTMENTS,　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　Defendants.　　　　　　　　　　)

STATE COURT OF
DEKALB COUNTY, GA
2008 NOV 26 PM 2: 50
FILED

### COMPLAINT

COME NOW Plaintiffs in the above-styled action and hereby file this Complaint as follows:

1.

On or about May 30, 2007, Devont'a Stokely, a resident of DeKalb County died intestate, survived by his biological parents Nicole Summers Stokely and James Stokely. Devont'a Stokely was born on January 21, 1998 and was a minor at all pertinent times relevant to this case. At the time of his death, Devont'a Stokely was not married and did not have any children.

2.

Nicole Summers Stokely is the duly appointed Administratrix of the Estate of Devont'a Stokely, by virtue of the Order of the Judge for the Probate Court of DeKalb County, a copy of which is attached hereto and incorporated herein as Exhibit "A".

**EXHIBIT**
"A"

3.

Plaintiffs Nicole Summers Stokely and James Stokely, individually, and Plaintiff Nicole Summers Stokely as the Administratrix of the Estate of Devont'a Stokely, deceased, state their intention to bring each and every claim permissible under Georgia law for all Plaintiffs and claims, including all individual and Estate claims, and seek all special damages, economic losses, medical expenses, funeral and burial expenses, necessary expenses, pain and suffering and all compensatory, special, actual, economic, general, and punitive damages permissible under Georgia law.

4.

Defendant Lakeshore Atlanta Apartments LLLP is a Florida limited liability company authorized to transact business in the State of Georgia and is subject to the jurisdiction and venue of this Court. Service can be made on said Defendant by serving its Registered Agent: William J. Wright, 4170 Ashford Dunwoody Road, Suite 285, Atlanta, Georgia 30319. Jurisdiction and venue are proper. This Defendant has been properly served with process in this action.

5.

Defendant Ventron Management, LLC d/b/a Lakeshore Apartments is a Florida limited liability company authorized to transact business in the State of Georgia and is subject to the jurisdiction and venue of this Court. Service can be made on said Defendant by serving its Registered Agent: William J. Wright, 4170 Ashford Dunwoody Road, Suite 285, Atlanta, Georgia 30319. Jurisdiction and venue are proper. This Defendant has been properly served with process in this action.

2

6.

At all times mentioned herein, Defendants owned, operated, controlled and managed the apartment complex known as Lakeshore Apartments, located at 1281 Brockett Road, Clarkston, Georgia 30021. Defendants' apartment complex is commonly known as Lakeshore Apartments.

7.

On May 30, 2007, Devont'a Stokely was an invitee at Lakeshore Apartments, while visiting the apartment of residents Anthony and Michelle Smith, who resided at 1281 Brockett Road, Apartment #14C, Clarkston, Georgia 30021.

8.

Prior to May 30, 2007, the residents of Apartment #14C had made repeated requests that Lakeshore Apartments repair the sliding glass door in Apartment #14C. Instead of replacing or properly repairing said door, Lakeshore Apartments nailed the door shut, thereby preventing entry or exit through that door. Upon information and belief, the other door of ingress and egress to said apartment also had experienced mechanical or operational problems previously.

9.

While Devont'a Stokely was inside of Apartment #14C on May 30, 2007, a fire started outside of Lakeshore Apartments' Building 14, the same building in which Apartment #14C at issue is located.

10.

Devont'a Stokely became trapped inside Apartment #14C during the fire, and could not escape. Devont'a Stokely died of smoke inhalation inside Apartment #14C on May 30, 2007.

11.

Devont'a Stokely exercised ordinary care and diligence under the circumstances then existing and for a child of like age and circumstances.

12.

Defendants breached the duty owed to Devont'a Stokely by failing to exercise ordinary care to keep its premises safe.

13.

Prior to and on May 30, 2007, Lakeshore Apartments #14C was negligently inspected, maintained and repaired by Defendants. Defendants had knowledge, both actual and constructive, of the need to replace or repair the sliding glass door in Apartment #14C, but instead, failed to exercise ordinary care for their residents and invitees by nailing the door shut.

14.

Defendants had actual and constructive knowledge of the hazardous condition of Apartment #14C. The residents of Apartment #14C had made repeated requests for repair of the sliding glass door, and instead of replacing or properly repairing said door, Lakeshore Apartments nailed the door shut, thereby preventing entry or exit through that door.

4

15.

Defendants had actual and constructive knowledge of the hazard existing at Lakeshore Apartments #14C prior to the fire and death of Devont'a Stokely on May 30, 2007, but negligently failed to warn Devont'a Stokely.

16.

Defendants negligently failed to warn their invitees, including Devont'a Stokely, of the existence of the hazardous condition of the sliding glass door in Apartment #14C.

17.

Defendants negligently failed to maintain Apartment #14C to permit proper use of the property, thereby causing an unreasonable risk of injury to its invitees, including Devont'a Stokely.

18.

At all times mentioned herein, Defendants controlled the management of the property, and had the legal duty to keep the premises in a state consistent with the due regard for the safety of its invitees, including Devont'a Stokely. Defendants breached said duties to Devont'a Stokely and failed to act as similarly situated businesses in like circumstances.

19.

Defendants negligently failed to maintain and repair the premises at issue, thereby causing an unreasonable risk of injury to their invitees, including Devont'a Stokely.

20.

Defendants knew of, or with the exercise of due care for the safety of its invitees, should have known of the dangerous and hazardous condition existing on the premises, the failure to maintain and repair the premises, and that said conditions were likely to result in the injuries suffered by Devont'a Stokely.

21.

Defendants were and are *negligent per se.*

22.

Defendants had actual knowledge of the dangerous and hazardous condition existing at the premises due to the direct knowledge of their employees and agents.

23.

Defendants had constructive knowledge of the dangerous and hazardous condition existing on the premises through the knowledge of their employees and agents and due to the repeated requests for repair of the sliding glass door from the residents of Apartment #14C.

24.

Defendants negligently failed to maintain a policy, procedure or system of investigating, reporting, warning, and repairing of the hazardous condition created in Apartment #14C, and negligently maintained property. Defendants are liable for the wrongful death of Devont'a Stokely.

25.

Because Defendants had knowledge of, or in the exercise of reasonable care should have had knowledge of the dangerous environment of said property, Defendants

are liable for the negligent supervision, hiring, training, and retention of their employees and the entrustment of said property to their agents and employees. Said negligence was the proximate cause of the damages, injuries to and death of Devont'a Stokely.

26.

Defendants negligently represented to their invitees and residents that the property at issue was properly maintained.

27.

Defendants negligently failed to provide adequate means of entry and exit for Apartment #14C.

28.

Defendants negligently failed to act on their knowledge of the hazardous condition in Apartment #14C, and failed to act to correct, prevent, repair, or warn of the dangerous condition of said premises.

29.

Defendants' negligence was a cause in fact and a proximate cause of Devont'a Stokely's injuries and death.

30.

After Devont'a Stokely was trapped in the apartment during the fire, he endured significant pain and suffering, and ultimately became aware of his impending death.

31.

Upon information and belief, the premises at issue failed to comply with local and national industry safety standards and violated applicable building codes, especially with Defendants' prior knowledge of the use and danger associated with the door in question.

7

32.

Defendants were negligent and said negligence proximately caused Plaintiffs' injuries in the following ways, *to-wit*:

a) Violation of O.C.G.A. § 51-3-1 by failing to use ordinary care to keep the premises safe;

b) Violation of O.C.G.A. § 44-7-13;

c) In failing to properly inspect, maintain. and repair the premises;

d) In knowingly allowing their residents to utilize an unsafe area of the premises;

e) Failure to properly train and supervise their employees in regard to the care of said premises; and

f) Failure in retaining, entrusting, hiring, training and supervising said employees to mark, remove, prevent, or repair said hazard on their property.

33.

The injuries and death sustained by Devont'a Stokely were the direct and proximate result of the negligence of the Defendants. But for said negligence, Devont'a Stokely would not have suffered injuries and died. Defendants are liable for Devont'a Stokely's wrongful death, injuries sustained, pain and suffering, and all other elements of damages allowed under the laws of the State of Georgia. Defendants are liable to Plaintiffs directly, as well as under theories of *respondeat superior* and agency principles.

34.

As a proximate and foreseeable result of the negligence of Defendants, decedent Devont'a Stokely received serious injuries and death, endured pain and suffering, mental anguish, became aware of his impending death, loss of the enjoyment of life, and suffered

8

other damages as will be proven at trial and permitted under Georgia law. Plaintiffs Nicole Summers Stokely and James Stokely, individually, as the surviving parents of Devont'a Stokely, are entitled to recover the full value of the life of Devont'a Stokely for his wrongful death, and all other elements of damages allowed under Georgia law.

35.

Plaintiff Nicole Summers Stokely, as the Administratrix of the Estate of Devont'a Stokely, is entitled to recover for the injuries and conscious pain and suffering sustained by Devont'a Stokely prior to his death, any medical and funeral expenses, and all other elements of damages allowed under Georgia law. Plaintiff Nicole Summers Stokely, as the Administratrix of the Estate of Devont'a Stokely, is also entitled to recover punitive damages from Defendants. Plaintiffs state their intention to seek all compensatory, special, economic, consequential, general, punitive, and all other damages permissible under Georgia law.

36.

Plaintiffs state their intention to seek all compensatory, special, economic, consequential, general, punitive, and all other damages permissible under Georgia law, including, but not limited to:

    a) Personal injuries;

    b) Pain and suffering;

    c) Mental anguish;

    d) Loss of the enjoyment of life;

    e) Wrongful death;

    f) Funeral expenses;

g) Incidental expenses;

h) Loss of earnings;

i) Medical expenses; and

j) Consequential damages to be proven at trial.

37.

Each of the forgoing acts and omissions constitute an independent act of negligence on the part of Defendants, and one or more or all of the above stated acts were the proximate causes of the injuries and death of Devont'a Stokely. Defendants are liable for the wrongful death of Devont'a Stokely and all damages recoverable under Georgia law.

38.

Defendants' actions constituted an entire want of care raising the presumption of conscience indifference to the consequences. Accordingly, Nicole Summers Stokely, as the Administratrix of the Estate of Devont'a Stokely, is entitled to recover punitive damages from Defendants without limitation or cap, in accordance with the enlightened conscience of an impartial jury.

39.

Defendants' actions evidence a species of bad faith, were and are stubbornly litigious, and have caused Plaintiffs undue expense. Thus, Plaintiffs are entitled to recover their necessary expenses of litigation, including an award of reasonable attorney's fees and expenses required by this action, pursuant to O.C.G.A. § 13-6-11, as well as any other statutory or common law basis.

10

WHEREFORE, the Plaintiffs pray that:

(a)     Process issue as provided by law;

(b)     Plaintiffs be awarded actual damages in amounts to be shown at trial from the Defendants;

(c)     Plaintiffs Nicole Summers Stokely and James Stokely, individually, be awarded all damages for the wrongful death of Devont'a Stokely and all general, special, compensatory, economic and other allowable damages in accordance with the enlightened conscience of an impartial jury from the Defendants and as permitted under Georgia law;

(d)     Plaintiff Nicole Summers Stokely, as Administratrix of the Estate of Devont'a Stokely, recover any and all damages allowed by law, including for conscious pain and suffering as well as punitive damages from Defendants in accordance with the enlightened conscience of an impartial jury;

(e)     Plaintiffs have a trial by jury; and

(f)     Plaintiffs have such other relief as this Court deems just and proper.


TRIAL BY JURY IS HEREBY DEMANDED.


[Signatures on following page.]


11

Respectfully submitted,

**PETER A. LAW, P.C.**

Peter A. Law
Georgia Bar No. 439655
Davis K. Loftin
Georgia Bar No. 455713
Sarah L. Goldberg
Georgia Bar No. 140966
Attorneys for Plaintiffs

**PETER A. LAW, P.C.**
Tower Place 100, Suite 1530
3340 Peachtree Road, N.E.
Atlanta, Georgia 30326
(404) 814-3700

12

821.005

## STATE COURT OF DEKALB COUNTY
### GEORGIA, DEKALB COUNTY
### SUMMONS

Action No. _08 A99139-2_

[ ]  **ANSWER**

[X]  **JURY**

_Nicole  Summers_                    Served 1/16/9

_____             _Ventron Management, LLC_

_____   VS   _c/o William J. Wright_

_____        _4170 AshFord Dunwoody Rd, Suite 285_

_____        _Atlanta, GA 30319_

(Plaintiff's name and address)        (Defendant's name and address)

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of State Court, Room 104, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

_Peter  A.  Law_
        (Name)
_3340. Peachtree  Rd.  NE,  Atlanta,  GA 30326_
        (Address)
_(404)  814  3700_
    (Phone Number)                (Georgia Bar No.)

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. (Plus cost of this action.)

Filed this the _26_ day of _November, 2008_

Kenneth Cheek, Clerk
State Court of DeKalb County

By _S. Schmidt_
Deputy Clerk, State Court of DeKalb County

| Defendant's Attorney | | Third Party Attorney | |
|---|---|---|---|
| Address | | Address | |
| Phone No. | Georgia Bar No. | Phone No. | Georgia Bar No. |

### TYPE OF SUIT

| | Tort | | |
|---|---|---|---|
| ☐ Account | ☐ Auto Accident | Principal | $_____ |
| ☐ Contract | ☒ Premises Liability | | |
| ☐ Note | ☐ Medical Malpractice | Interest | $_____ |
| ☐ Personal Property | ☐ Other Professional Negligence | | |
| ☐ Attachment | ☐ Product Liability | Atty Fees | $_____ |
| ☐ Other: _____ | | | |
| ☐ Appeal/ Review | ☐ Transferred From | Court Cost | $_____ |

**(Attach Blue to ORIGINAL and White to SERVICE COPY of complaint)**        sum2002

RECEIVED
DEC 8 ? 2008

Civil Action No. 08A99131-2

Date Filed 11/26/08          DeKALB MARSHAL'S
OFFICE

State Court ☐
Magistrate Court ☐
Georgia, DeKalb County

Attorney's Address

┌ Peter A Law
  Tower Place 100, Suite 1530
  3340 Peachtree Rd. NE
  Atlanta, Ga. 30326            ┘

Name and Address of Party to be Served

WILLIAM J WRIGHT
4170 Ashford Dunwoody Rd
Suite 285, Atlanta, GA  30319

NICOLE SUMMERS
_____
                              Plaintiff

VS.

LAKESHORE APARTMENTS
_____
                              Defendant

_____

_____
                              Garnishee

## MARSHAL/SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐
I have this day served the defendant_____ personally with a copy of the within action and summons.

**RESIDENCE** ☐
I have this day served the defendant_____ by leaving a copy of the action and summons at (his/her) dwelling house or usual place of abode with a person of suitable age and discretion residing therein; delivered same into the hands of _____ described as follows: age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION** ☐
Served the defendant _____ LAKESHORE _____ by leaving a copy of the within action and summons with ☒ _____ WILLIAM WRIGHT _____ in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐
Diligent search made and defendant_____ not to be found in the jurisdiction of this Court.

STATE COURT OF
DeKALB COUNTY, GA

09 JAN 20  AM 10:

This ____20____ day of ____Jan____, 20__09__   FILED J. Dunlevy (677)
                                                          Deputy

SHERIFF DOCKET_____    PAGE_____                    marshalservice/2007

Civil Action No. 08A99139-2

Date Filed 11/26/08

RECEIVED

DEC 0 2 2008

DeKALB MARSHAL'S
OFFICE

State Court ☐
Magistrate Court ☐
Georgia, DeKalb County

---

**Attorney's Address**

Peter A. Law
Tower Place 100, Suite 1530
3340 Peachtree Rd. NE.
Atlanta, Ga. 30326

**Name and Address of Party to be Served**

WILLIAM J WRIGHT
4170 Ashford Dunwoody Rd
Suite 285, ATLANTA, GA 30319

---

NICOLE SUMMERS

_____ Plaintiff

VS.

VENTON MANAGEMENT

_____ Defendant

_____ Garnishee

---

## MARSHAL/SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
I have this day served the defendant_____ personally with a copy of the within action and summons.

**RESIDENCE**
I have this day served the defendant_____ by leaving a copy of the action and summons at (his/her) dwelling house or usual place of abode with a person of suitable age and discretion residing therein; delivered same into the hands of _____ described as follows: age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION**
Served the defendant  VENTON MANAGEMENT _____ by leaving a copy of the within action and summons with  X     WILLIAM WRIGHT _____ in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
Diligent search made and defendant_____ not to be found in the jurisdiction of this Court.

STATE COURT OF
DEKALB COUNTY, GA

09 JAN 20 AM 10:51

This 2__ day of ___Jan___, 20 09

FILED

BY_____ Deputy

SHERIFF DOCKET_____ PAGE_____

marshalservice/2007

STATE OF GEORGIA

COUNTY OF DeKALB                                    ESTATE NO. 2008-1942

### LETTERS OF ADMINISTRATION
(Bond Waived and/or Certain Powers Granted at Time of Appointment)

By Jeryl Debra Rosh, Judge of the Probate Court of said County.

WHEREAS, DEVONT'A PARRIS STOKELY died intestate (check one:)

    _____ domiciled in this County;
    _____ not domiciled in this State, but owning property in this County;

and this Court granted an order appointing Nicole Summers Stokely as Administrator(s) of the estate of said decedent, on condition that said Administrator(s) give oath as required by law; and the said Administrator(s) having complied with said condition; the Court hereby grants unto said Administrator(s) full power to collect the assets of said decedent, and to pay the debts of said estate, so far as such assets will extend, according to law, and then to pay over the balance, if any, to the heirs of said decedent, and to do and perform all other duties as such Administrator(s), according to the laws of this State. In addition, this Court has:

(Initial all which apply:)

_____ a.    waived the bond of the Administrator(s) and granted to the Administrator(s) the power to serve without filing an inventory, and without filing any annual or other returns or reports to any court; but the fiduciary shall furnish to the income beneficiaries, at least annually, a statement of receipts and disbursements.

_____ b.    granted to the Administrator(s) all of the powers contained in O.C.G.A. §53-12-232 not included in (a) above.

IN TESTIMONY WHEREOF, I have hereunto affixed my signature as Judge of the Probate Court of said County and the seal of this office this 4th day of November, 2008.

                                         **Jeryl Debra Rosh**
                                         Judge of the Probate Court

NOTE:    The following must be signed if the judge does not sign the original of this document:

Issued by:

_____               (Seal)
Clerk, Probate Court

(SEE INSTRUCTIONS ON REVERSE SIDE)

BK 0 2 7 8 : PG 1 1 b


PLAINTIFF'S
EXHIBIT
A
page 1

<u>CERTIFICATE OF COPY</u>
STATE OF GEORGIA
COUNTY OF DEKALB

As Clerk of the Probate Court of DeKalb County, Ga., I do hereby certify that I have compared the foregoing copy with the original record thereof, now remaining in this office This document consisting of _____ pages is hereby certified to be a true copy of the original document on file in the Probate Court at DeKalb County, Ga The Probate Court is a Court of Record.

In testimony whereof, I have hereonto set my hand and affixed the seal of said court this the _____ day of __NOV._ 20 __08__

Clerk, Probate Court
DeKalb County, Ga

# PETER A. LAW, P.C.

ATTORNEY AT LAW
Tower Place 100, Suite 1530
3340 Peachtree Road, N.E.
Atlanta, Georgia 30326
Telephone (404) 814-3700
Facsimile (404) 842-7710

## FACSIMILE TRANSMISSION SHEET

**DATE:** 1-8-09

**TO:** Christine Hall

**COMPANY:**

**FAX NO.:** 404-881-2630

**FROM:** Sarah Goldberg

**RE:** Summers

**COMMENTS:**

Page 1 of _____ Pages

**CONFIDENTIALITY NOTE:** The information contained in this facsimile message is legally privileged and confidential information intended only for use of the individual named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this facsimile is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone and return the original message to us at the address shown above via the U.S. Postal Service. Thank you.

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

NICOLE SUMMERS STOKELY,         )
Individually, and JAMES STOKELY,   )
Individually, and NICOLE SUMMERS  )
STOKELY, as Administratrix of the   )
Estate of DEVONT'A STOKELY,        )
deceased,                                      )
                                                     )
            Plaintiffs,                          )        CIVIL ACTION FILE
                                                     )        NO. 08A09139-2
v.                                                 )
                                                     )
LAKESHORE ATLANTA               )
APARTMENTS LLLP and VENTRON )
MANAGEMENT, LLC D/B/A           )
LAKESHORE APARTMENTS,        )
                                                     )
            Defendants.                        )

## PLAINTIFFS' FIRST INTERROGATORIES TO DEFENDANTS

TO:    EACH DEFENDANT

Pursuant to O.C.G.A. § 9-11-26 *et seq.*, Plaintiffs hereby request that the

Defendants respond in writing and under oath, to the following Interrogatories as

provided by law, with a copy of the responses being served upon the undersigned counsel

of record for the Plaintiffs at Peter A. Law, P.C., Tower Place 100, Suite 1530, 3340

Peachtree Road, N.E., Atlanta, Georgia 30326.

## DEFINITIONS AND INSTRUCTIONS

A.  These interrogatories shall be deemed continuing to the extent permitted by

O.C.G.A. § 9-11-26, *et seq.*, so as to require Defendant to serve upon all parties

supplemental answers if Defendant or its attorneys obtain further information between

the time the answers are served and the time of trial.

B. "Document," whether singular or plural, means documents and other tangible things defined in the broadest sense permitted by the Georgia Civil Practice Act and shall include without limitation originals or, if such are not available, true copies, including copies of documents, videotapes, computer data, and sound material.

C. "Person" means any natural person, corporation, partnership, association, governmental entity, agency, group, organization, etc.

### INTERROGATORIES

1.

Please identify the person(s) who owned, managed and were in control, at the time of the occurrence alleged in the Complaint, the premises referred to in the Complaint where the incident involving Devont'a Stokely occurred (May 30, 2007). If the ownership, management, control, or maintenance changed at any time since said occurrence, please identify every subsequent person or entity.

2.

Please identify all persons who were involved in the repair, inspection, management, or maintenance of Lakeshore Apartments #14C, including a detailed description of the action that was taken in regard to repairing, inspecting, managing or maintaining the area where Devont'a Stokely was injured within 90 days preceding the incident described in the Complaint.

3.

If you are aware of any claim, complaint, or maintenance/repair request occurring before May 30, 2007 regarding any claimed problem or defect with the sliding glass door in Apartment #14C, please identify the details of said report, complaint, or request,

2

including the specific problem complained of, the identity of the person(s) making the complaint or request, the date(s) that any complaints and/or requests were made, and describe the actions that were taken in response to the complaint and/or request.

4.

Please identify and describe in detail any program, policy or action implemented by you (before and on May 30, 2007) to inspect, maintain, or repair Lakeshore Apartments #14C, including but not limited to the sliding glass door in Apartment #14C. This request also includes training procedures of your employees, agents, or business invitees that had any responsibility for the premises at issue.

5.

Please describe each and every warning that you claim was provided to Devont'a Stokely regarding any danger associated with Lakeshore Apartments #14C.

6.

Please identify the person(s) who investigated the fire at Lakeshore Apartments and/or the death of Devont'a Stokely on or after the incident on the day in question, the nature of the investigation, and the results of said investigation.

7.

Please identify any insurance company which may be liable to satisfy all or part of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment, state the policy number for each such policy and the limits of liability coverage for each policy of insurance which may be applicable to pay part or all of a judgment rendered versus the Defendant.

3

8.

State the names and addresses of any persons, employees, witnesses or independent contractors at the location of the incident complained of at the time of the incident and within one hour prior to it and one hour after it.

9.

Please give the name, addresses and telephone numbers of all persons that have relevant knowledge, or information reasonably calculated to lead to the discovery of relevant or admissible evidence concerning this lawsuit or concerning the facts and circumstances surrounding the maintenance, repair and/or modification of Lakeshore Apartments #14C, including but not limited to the sliding glass door located in said apartment.

10.

Please describe how you contend the occurrence complained of in this action happened, giving all of the events in detail and in the order in which they occurred, before, at the time of, and after the occurrence, which had any bearing on the cause or manner of the happening of this occurrence.

11.

Please state the names, addresses, telephone numbers and places of employment of all persons known to you, either from your own investigation or from any investigation made on your behalf:

(a)    who may have seen any part of the occurrence complained of; or who may have or claim to have arrived at the scene of the occurrence complained of immediately or shortly after its happening;

4

(b)     who have any knowledge regarding the facts or circumstances surrounding the happening of the incident complained of.

12.

Please state the factual basis for each defense or denial raised in your Answer and identify specifically each and every statute, ordinance, regulation, rule, code or industry standard of any kind which you, your expert or other witness will rely upon in support of any of your defenses in this lawsuit.

13.

Please state the names, residence and business addresses and business telephone numbers, of all persons whom you expect to call or may call as expert witnesses at trial. With respect to each person, state:

(a)     The specific subject matter on which you expect such expert to testify;

(b)     the substance of the facts, opinions and conclusions which you expect such expert to testify;

(c)     the grounds for each such opinion or conclusion;

(d)     whether any of such persons have prepared or provided you with a written or recorded statement, or report concerning their investigation or study, or the facts found by them, or the conclusions or opinions arrived at by them or the grounds of their opinions or conclusions. If so, state the date of each such report or statement, and the names and addresses of all persons who have a copy of such report or statement.

(e)     the name, business telephone number and business address, of each person you retained or specially employed in the anticipation of litigation or preparation for trial whom you do not expect to call as a witness at the trial of the case.

5

14.

As to each statement or report, written, taped or otherwise, which has been made by any person concerning the occurrence complained of, please describe each such statement or report, giving as to each such statement or report the name of the person giving such statement or report, the date of same, and the present location of such statement or report or any copy hereof.

15.

If you, your attorney, your insurance carrier or anyone acting on your or their behalf, have or know of any photographs, motion pictures, maps, drawings, diagrams, measurements, surveys or other descriptions concerning the events and happenings alleged in the Complaint, scene of the incident, the area, or persons involved, as to each such item, please identify or produce such document(s) and state:

(a)     what each such item purports to show, illustrate or represent;

(b)     the date it was made or taken and by whom; and

(c)     the name and address of the person having custody of such item.

16.

Please list the names, addresses, phone numbers, and job titles of every individual employed to work at Lakeshore Apartments on May 30, 2007.

17.

Please describe the procedures in place at Lakeshore Apartments for intake, processing, and responding to maintenance or repair requests from residents of Lakeshore Apartments.

6

18.

Please list the names, addresses, phone numbers, and job titles of every individual employed to work at Lakeshore Apartments' maintenance department (or whichever department was responsible for responding to maintenance requests and/or making repairs on the premises) for the past five (5) years.

19.

Was any person or entity other than Lakeshore Apartments responsible for the maintenance or repair of Apartment #14C? If so, please identify the person or entity, including name, address, telephone number of said person or entity, and explain their duties in terms of maintenance and/or repair of the premises.

20.

Please identify each management level employee employed by Lakeshore Apartments from May 30, 2002 to May 30, 2007. For each such person please state the following:

    (a)    the present name, address, and phone number;

    (b)    the management level of that employee;

    (c)    whether these individuals are still employed at the apartments;

    (d)    where that person is presently employed; and

    (e)    the present work address and phone number.

21.

Please explain what, if any, repairs, modifications, or maintenance was provided to Lakeshore Apartments #14C in the five (5) years preceding May 30, 2007.

7

22.

Please identify all persons involved in any repairs, modifications, or maintenance to Lakeshore Apartments #14C (including, but not limited to the sliding glass door) in the five (5) years preceding May 30, 2007.

23.

Please identify any changes that were implemented or made as a result of the incident forming the basis of Plaintiffs' Complaint.

24.

Please identify all persons who have in any way investigated the claims made in this lawsuit, and whether each has made a written record of the investigation, and state the substance or result of their investigation.

25.

Please list each act of negligence, contributory negligence, or comparative negligence you contend Devont'a Stokely, or any other person or entity, did or failed to do which in any way contributed to the subject occurrence and/or any of Plaintiffs' injuries.

26.

Please identify with specificity all civil claims or complaints made against you or to the apartment complex at issue, either before or after the incident that is the subject matter of this litigation, including the date, time and place of occurrence; the name, address and telephone number of all parties involved in said accident; the address of all investigating people or departments, personal injuries and property damage, if any,

8

claimed in such incident; a short description of how the incident occurred, and whether suit was filed.

27.

State the substance of each conversation you had with Nicole Summers Stokely or James Stokely at the time of or at any time following the occurrence giving rise to this lawsuit, or any statement that you claim was a statement made by Plaintiffs or their agents.

28.

Please identify all potential parties, individuals, entities or other person that you contend are indispensable parties or that would be liable for any judgment obtained by Plaintiffs in this action.

29.

Please state the factual basis for your assertions, if any, that this Court lacks jurisdiction or venue over this Defendant, that there has been an insufficiency of process of Plaintiffs' Complaint, and/or that there has been an insufficiency of service of process upon the Defendant.

30.

Please identify any and all documentary or other tangible evidence, not previously identified or produced, which you believe demonstrates and/or supports facts relevant to the claims and/or defenses in this case.

9

31.

Please identify any information you claim you or your agents, attorneys, servants, or employees have indicating whether any witness has been convicted or pleaded guilty to a crime.

32.

If there was an investigation made of the incident that forms the basis of this suit, please state whether the Defendant conducted such investigation in anticipation of litigation, and if so, state each fact of which Defendant was aware of at the time of the investigation that caused it to believe that it was conducting the investigation in anticipation of litigation.

33.

What efforts were made by the Defendant to modify, alter, repair, or replace the sliding glass door in Apartment #14C before and/or after the incident in question?

34.

Please identify all maintenance employees, management persons, or other employee or person that in any way had responsibility for repairing, maintaining or inspecting Lakeshore Apartments #14C. To the extent any person is identified, please describe the actions, times and involvement in regard to said inspections, maintenance, repair or knowledge of same.

35.

Please identify all action taken, including the person, name, date, and address of the person or entity who took the action, regarding any investigation of the sliding glass door in Apartment #14C prior to May 30, 2007.

10

36.

Please identify all employees of Lakeshore Apartments for the five (5) years preceding the incident complained of in Plaintiffs' Complaint.

37.

Please identify all employees and managers on duty at Lakeshore Apartments at the time of the incident complained of in this lawsuit.

38.

Please identify all building codes, fire codes, and local ordinances with which Lakeshore Apartments is required to comply in regards to smoke detectors, sprinklers, and fire extinguishers inside of apartments on the premises.

39.

Please identify the policies at Lakeshore Apartments in terms of how many smoke detectors, sprinklers, and fire extinguishers are in each apartment, where the smoke detectors, sprinklers, and fire extinguishers are placed in each apartment, and identify if there are any specifications as to the types or styles of the smoke detectors, sprinklers, and fire extinguishers.

40.

Please identify the individuals and/or entities who were responsible for the installation and maintenance of smoke detectors, sprinklers, and fire extinguishers at Lakeshore Apartments.

11

41.

Please identify the person who nailed shut the sliding glass door in Apartment

#14C and/or the last person to perform any maintenance or repairs on said door prior to

May 30, 2007.

Respectfully submitted,

**PETER A. LAW, P.C.**

Peter A. Law
Georgia Bar No. 439655
Davis K. Loftin
Georgia Bar No. 455713
Sarah L. Goldberg
Georgia Bar No. 140966
Attorneys for Plaintiffs

**PETER A. LAW, P.C.**
Tower Place 100, Suite 1530
3340 Peachtree Road, N.E.
Atlanta, Georgia 30326
(404) 814-3700

12

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

NICOLE SUMMERS STOKELY,                    )
Individually, and JAMES STOKELY,           )
Individually, and NICOLE SUMMERS           )
STOKELY, as Administratrix of the          )
Estate of DEVONT'A STOKELY,                )
deceased,                                  )
                                           )
           Plaintiffs,                     )    CIVIL ACTION FILE
                                           )    NO. 08A99132
v.                                         )
                                           )
LAKESHORE ATLANTA                          )
APARTMENTS LLLP and VENTRON                )
MANAGEMENT, LLC D/B/A                      )
LAKESHORE APARTMENTS,                      )
                                           )
           Defendants.                     )

## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION AND NOTICE TO PRODUCE DOCUMENTS TO DEFENDANTS

TO:   EACH DEFENDANT

       Pursuant to O.C.G.A. § 9-11-26, et seq., and O.C.G.A. § 24-10-26, et seq.,

Plaintiff hereby requests that the Defendants respond as provided by law, with a copy of

the responses being served upon the undersigned counsel of record for the Plaintiff at

Tower Place 100, Suite 1530, 3340 Peachtree Road, N.E., Atlanta, Georgia 30326.

## DEFINITIONS AND INSTRUCTIONS

       A.  This request for production of documents and notice to produce shall be

deemed continuing to the extent permitted by O.C.G.A. § 9-11-26, et seq., and O.C.G.A.

§ 24-10-26, et seq., so as to require Defendant(s) to serve or produce upon all parties

supplemental answers or documents if Defendant(s) or his/her attorneys obtain further

information between the time the answers are served and the time of trial.  Plaintiff also

requests that Defendant produce the originals of each document at trial and any deposition of Defendant or its agents or employees.

B. "Document," whether singular or plural, means documents and other tangible things defined in the broadest sense permitted by the Georgia Civil Practice Act and shall include without limitation originals or, if such are not available, true copies, including copies of documents, videotapes, computer data, and sound material.

C. "Person" means any natural person, corporation, partnership, association, governmental entity, agency, group, organization, etc.

D. If a requested document is no longer in your possession, custody or control, please identify the document with specificity.

E. If you object to part of a request, please identify any documents withheld. If you object to the scope or time period of the request, please answer the request for the scope or time period you believe is appropriate.

F. If you assert the attorney-client privilege or work-product exclusion as to any document requested by any of the following specific requests, please identify the document in sufficient detail to permit the Court to reach a determination in the event of a Motion to Compel.

## REQUEST FOR PRODUCTION

Defendant is requested to produce each of the following:

1.

Any statement in your control from any person possessing relevant knowledge of the incident giving rise to this lawsuit, whether written or recorded.

2

2.

All photographs, charts, diagrams, videotapes, and other illustrations of any person, place or thing involved in this lawsuit.

3.

All documents evidencing, reflecting, relating to or constituting any communication between Defendant and Plaintiffs.

4.

All documents supporting or relating to Plaintiffs' or Defendants' contentions of negligence.

5.

Any correspondence, statements, documents, or other tangible evidence involving any of the witnesses or other individuals involved or with knowledge of the incident forming the basis of Plaintiffs' Complaint.

6.

All documents evidencing, reflecting, relating to or constituting an accident or incident report regarding the occurrence forming the basis of this lawsuit.

7.

All documents that you receive in response to your Requests for Production of Documents to nonparties.

8.

Any and all documents identified, referenced, or used to answer any of Plaintiffs' discovery in this matter.

3

9.

Any and all documents that support any defenses raised in your Answer, or any relevant fact to this litigation.

10.

All documents, pleadings and/or exhibits filed, served or prepared in connection with any litigation involving personal injuries or wrongful death to which you have been a party and involving the premises in question (Lakeshore Apartments) for the past (10) years.

11.

Any maintenance, repair or service requests for Lakeshore Apartments #14C for the five (5) years prior to May 30, 2007.

12.

Any maintenance, repair, or service records reflecting repairs, service, or changes to Lakeshore Apartments #14C for the five (5) years prior to May 30, 2007.

13.

Please produce all policies of insurance, to include the declaration pages, which do or may afford insurance coverage Defendant with regard to Plaintiffs' claims against Defendant. This Request includes primary insurance coverage, excess insurance coverage, or any other type of liability insurance coverage, and medical-payments coverage. This request includes any and all documents affecting coverage, including reservation of rights documents.

4

14.

Please produce all reports received from any experts who have investigated any issue(s) relevant to the fire at Lakeshore Apartments on May 30, 2007, the death of Devont'a Stokely, and/or this lawsuit.  Also, produce all materials relied upon by each expert in formulating their opinions and conclusions.

15.

Please produce all documents evidencing or reflecting any agreement regarding maintenance or repair services between Defendant and any other business having responsibility for Lakeshore Apartments #14C.

16.

Please produce a copy of any reservation of rights letter(s) or other documentation of any kind received from any insurer which purports to deny insurance coverage, or to reserve the right to contest the issue of coverage for the claims made in this lawsuit.

17.

Please produce all claims forms, accident reports, or other documentation evidencing prior or subsequent complaints, problems, injuries, or deaths occurring at Lakeshore Apartments.

18.

Please produce any and all log books, maintenance or inspection reports, or any and all other documents of any kind or by any other name which relate in any way to the inspection, maintenance and/or repair of Lakeshore Apartments #14C for the five (5) years prior to May 30, 2007.

5

19.

Please produce any demonstrative evidence relevant to the issues of this case.

20.

Please produce any and all documents, including employee handbooks, policy or procedure manuals, or video tapes regarding Defendant's policies regarding inspecting, repairing, or maintaining the premises that forms the basis of Plaintiff's Complaint.

21.

Produce all Complaints initiating civil actions against you for the past ten (10) years as a result of incidents substantially similar to that of the present action.

22.

Produce all safety inspection reports completed by any of your employees, agents or independent contractors with regard to the premises at issue.

23.

Produce all internal accident or incident reports completed by your employees, agents or independent contractors regarding substantially similar claims, complaints, or incidents for the past five (5) years. For purposes of this request, "substantially similar" means any claims, complaints, or incidents where it was alleged that an action or inaction on the part of Lakeshore Apartments resulted in injury or death.

24.

Please produce all contracts or agreements entered into between the Defendant and any other individual or company and regarding cleaning, maintaining, or inspecting the premises forming the basis of Plaintiff's Complaint.

6

25.

Produce the curriculum vitae of all experts who are expected to testify on behalf of the Defendant, and any documents they created, reviewed or relied on.

26.

Produce all architectural plans, drawings or designs of Lakeshore Apartments #14C.

27.

For the date in question, please produce the work and payroll records of all employees, agents, and independent contractors (regarding the premises in question) of Defendant.

28.

Any and all policies, procedures, or documents regarding the installation and maintenance of smoke detectors, sprinklers, and fire extinguishers at Lakeshore Apartments.

29.

Any and all building codes, fire codes, and local ordinances with which Lakeshore Apartments is required to comply in regards to smoke detectors, sprinklers, and fire extinguishers inside of apartments on the premises.

30.

Any and all documentary evidence or other tangible evidence which relates, or is reasonably calculated to lead to the discovery of relevant or admissible evidence, regarding any of the Plaintiffs' claims in this action or Defendant's defenses.

7

31.

Produce the entire leasing file for the residents living in Lakeshore Apartments #14C on May 30, 2007.

32.

Produce all work orders and repair records for Apartment #14C, including but not limited to the sliding glass door, prior to May 30, 2007.


You are requested to comply with said requests by producing and permitting the Plaintiffs' attorney to inspect and copy the documents requested.  In lieu of appearance at a document production, you may instead mail true and accurate copies of all documents or evidence to Peter A. Law, P.C., Tower Place 100, Suite 1530, 3340 Peachtree Road, N.E., Atlanta, Georgia 30326.

Respectfully submitted,

PETER A. LAW, P.C.

Peter A. Law
Georgia Bar No. 439655
Davis K. Loftin
Georgia Bar No. 455713
Sarah L. Goldberg
Georgia Bar No. 140966
Attorneys for Plaintiffs

PETER A. LAW, P.C.
Tower Place 100, Suite 1530
3340 Peachtree Road, N.E.
Atlanta, Georgia 30326
(404) 814-3700

8

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

NICOLE SUMMERS STOKELY,    )
Individually, and JAMES STOKELY,    )
Individually, and NICOLE SUMMERS    )
STOKELY, as Administratrix of the    )
Estate of DEVONT'A STOKELY,    )
deceased,    )
    )
    Plaintiffs,    )    CIVIL ACTION FILE
    )    NO. 08A99...
v.    )
    )
LAKESHORE ATLANTA    )
APARTMENTS LLLP and VENTRON    )
MANAGEMENT, LLC D/B/A    )
LAKESHORE APARTMENTS,    )
    )
    Defendants.    )

STATE COURT OF DEKALB COUNTY, GA
2008 NOV 26 PM 2: 51
FILED

## PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS TO DEFENDANTS

TO:    EACH DEFENDANT

    Pursuant to O.C.G.A. § 9-11-36, you are hereby required to answer, in the form provided by law, the following Requests for Admissions:

1.

    You have been correctly named in the present cause insofar as the legal designation of names is concerned.

2.

    You have been properly served as a party Defendant.

3.

    Process is sufficient with regard to you in this case.

4.

Service of process is sufficient with regard to you in this case.

5.

DeKalb County State Court has jurisdiction over the subject matter of this case.

6.

DeKalb County State Court has personal jurisdiction over you as a party Defendant in this case.

7.

Venue is proper in DeKalb County State Court.

8.

The incident referred to in Plaintiff's Complaint did, in fact, occur on May 30, 2007 at the Lakeshore Apartments, located at 1281 Brockett Road, Clarkston, Georgia 30021.

9.

On May 30, 2007, Defendant owned the Lakeshore Apartments, located at 1281 Brockett Road, Clarkston, Georgia 30021.

10.

On May 30, 2007, Defendant was in control of the Lakeshore Apartments, located at 1281 Brockett Road, Clarkston, Georgia 30021.

11.

On May 30, 2007, Defendant was responsible for maintaining the Lakeshore Apartments, located at 1281 Brockett Road, Clarkston, Georgia 30021.

2

12.

On May 30, 2007, Defendant was responsible for keeping the premises safe for its residents and invitees at the Lakeshore Apartments, located at 1281 Brockett Road, Clarkston, Georgia 30021.

13.

Prior to May 30, 2007, Defendant was responsible for keeping the premises known as the Lakeshore Apartments in repair.

14.

Defendant was engaged in the ownership, operation and management of the apartments known as the Lakeshore Apartments, located at 1281 Brockett Road, Clarkston, Georgia 30021 on May 30, 2007.

15.

Defendant is engaged in the ownership, operation and management of the apartments known as the Lakeshore Apartments, located at 1281 Brockett Road, Clarkston, Georgia 30021.

16.

Prior to May 30, 2007, the residents of Lakeshore Apartment #14C had made requests for repair of the sliding glass door in Apartment #14C.

17.

Defendant had actual knowledge that prior to May 30, 2007, the sliding glass door in Lakeshore Apartments #14C had been nailed shut.

3

18.

Prior to May 30, 2007, Defendant or Defendant's agent(s) or employee(s) affixed shut the sliding glass door in Lakeshore Apartments #14C.

19.

Prior to May 30, 2007, Defendant hired no other company, person or business to assist with the maintenance and/or repair of Lakeshore Apartments #14C.

20.

Devont'a Stokely was not contributorily negligent in the incident causing his injuries.

21.

Plaintiff has not failed to join an indispensable party under O.C.G.A. § 9-11-19.

Respectfully submitted,

**PETER A. LAW, P.C.**

Peter A. Law
Georgia Bar No. 439655
Davis K. Loftin
Georgia Bar No. 455713
Sarah L. Goldberg
Georgia Bar No. 140966
Attorneys for Plaintiffs

**PETER A. LAW, P.C.**
Tower Place 100, Suite 1530
3340 Peachtree Road, N.E.
Atlanta, Georgia 30326
(404) 814-3700

4

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

NICOLE SUMMERS STOKELY,              )
Individually, and JAMES STOKELY,     )
Individually, and NICOLE SUMMERS     )
STOKELY, as Administratrix of the    )     CIVIL ACTION FILE NO.
Estate of DEVONT'A STOKELY,          )         08A99139-2
deceased,                            )
                                     )
    Plaintiffs,           )
                                     )
vs.                                  )
                                     )
LAKESHORE ATLANTA                    )
APARTMENTS, LLLP and VENTRON         )
MANAGEMENT, LLC D/B/A                )
LAKESHORE APARTMENTS,                )
                                     )
    Defendants.           )

STATE COURT OF
DEKALB COUNTY, GA
2009 FEB 11  PM 12: 16
FILED

## ANSWER AND DEFENSES OF DEFENDANT VENTRON MANAGEMENT, LLC D/B/A LAKESHORE APARTMENTS TO PLAINTIFFS' COMPLAINT

COMES NOW VENTRON MANAGEMENT, LLC D/B/A LAKESHORE

APARTMENTS ("Defendant") a Defendant in the above-referenced matter and files this its

Answer and Defenses to Plaintiffs' Complaint and shows the Court as follows:

## FIRST DEFENSE

Defendant answers the numbered paragraphs of Plaintiffs' Complaint as follows:

1.

Defendant is without sufficient information or knowledge to form a belief as to the truth

of the allegations contained in paragraph 1 of Plaintiffs' Complaint for Damages and, thus,

neither admits nor denies same.

{Firm\827\005\00310676.DOC}

2.

Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 2 of Plaintiffs' Complaint for Damages and, thus, neither admits nor denies same.

3.

Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 3 of Plaintiffs' Complaint for Damages and, thus, neither admits nor denies same.

4.

Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 4 of Plaintiffs' Complaint for Damages and, thus, neither admits nor denies same.

5.

Defendant admits the allegations contained in paragraph 5 of Plaintiffs' Complaint.

6.

Defendant admits only that it operated, controlled and managed the apartment complex located at 1281 Brockett Road, Clarkston, Georgia 30021. Defendant denies the remaining allegations contained in paragraph 6 of Plaintiffs' Complaint.

7.

Defendant denies the allegations contained in paragraph 7 of Plaintiffs' Complaint.

2

8.

Defendant denies as plead the allegations contained in paragraph 8 of Plaintiffs' Complaint.

9.

Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 9 of Plaintiffs' Complaint for Damages and, thus, neither admits nor denies same.

10.

Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 10 of Plaintiffs' Complaint for Damages and, thus, neither admits nor denies same.

11.

Defendant denies the allegations contained in paragraph 11 of Plaintiffs' Complaint.

12.

Defendant denies the allegations contained in paragraph 12 of Plaintiffs' Complaint.

13.

Defendant denies the allegations contained in paragraph 13 of Plaintiffs' Complaint.

14.

Defendant denies the allegations contained in paragraph 14 of Plaintiffs' Complaint.

15.

Defendant denies the allegations contained in paragraph 15 of Plaintiffs' Complaint.

16.

Defendant denies the allegations contained in paragraph 16 of Plaintiffs' Complaint. As a further response, Defendant denies that Plaintiffs' Decedent was an invitee.

17.

Defendant denies the allegations contained in paragraph 17 of Plaintiffs' Complaint. As a further response, Defendant denies that Plaintiffs' Decedent was an invitee.

18.

Defendant denies the allegations contained in paragraph 18 of Plaintiffs' Complaint. As a further response, Defendant denies that Plaintiffs' Decedent was an invitee.

19.

Defendant denies the allegations contained in paragraph 19 of Plaintiffs' Complaint.

20.

Defendant denies the allegations contained in paragraph 20 of Plaintiffs' Complaint. As a further response, Defendant denies that Plaintiffs' Decedent was an invitee.

21.

Defendant denies the allegations contained in paragraph 21 of Plaintiffs' Complaint.

22.

Defendant denies the allegations contained in paragraph 22 of Plaintiffs' Complaint.

23.

Defendant denies the allegations contained in paragraph 23 of Plaintiffs' Complaint.

24.

Defendant denies the allegations contained in paragraph 24 of Plaintiffs' Complaint.

25.

Defendant denies the allegations contained in paragraph 25 of Plaintiffs' Complaint.

26.

Defendant denies the allegations contained in paragraph 26 of Plaintiffs' Complaint. As a further response, Defendant denies that Plaintiffs' Decedent was an invitee.

27.

Defendant denies the allegations contained in paragraph 27 of Plaintiffs' Complaint.

28.

Defendant denies the allegations contained in paragraph 28 of Plaintiffs' Complaint.

29.

Defendant denies the allegations contained in paragraph 29 of Plaintiffs' Complaint.

30.

Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 30 of Plaintiffs' Complaint for Damages and, thus, neither admits nor denies same.

31.

Defendant denies the allegations contained in paragraph 31 of Plaintiffs' Complaint.

32.

Defendant denies the allegations contained in paragraph 32 of Plaintiffs' Complaint, including all subparts.

33.

Defendant denies the allegations contained in paragraph 33 of Plaintiffs' Complaint.

34.

Defendant denies the allegations contained in paragraph 34 of Plaintiffs' Complaint.

35.

Defendant denies the allegations contained in paragraph 35 of Plaintiffs' Complaint.

36.

Defendant denies the allegations contained in paragraph 36 of Plaintiffs' Complaint, including all subparts.

37.

Defendant denies the allegations contained in paragraph 37 of Plaintiffs' Complaint.

38.

Defendant denies the allegations contained in paragraph 38 of Plaintiffs' Complaint.

39.

Defendant denies the allegations contained in paragraph 39 of Plaintiffs' Complaint.

40.

Defendant denies the allegations following the word WHEREFORE in Plaintiffs' Complaint. As a further response, Defendant denies that Plaintiffs are entitled to any relief whatsoever from this Defendant.

41.

Defendant specifically denies any and all other paragraphs, titles, introductions, claims for relief, and all other allegations or averments not specifically responded to herein.

## SECOND DEFENSE

If injuries and damages were sustained by the Plaintiffs at the time and place and in the manner alleged in the Complaint, such injuries and damages were caused by negligence of some other person or persons over whom Defendant exercised no control.

## THIRD DEFENSE

Defendant asserts each affirmative defense to the extent applicable as set out in O.C.G.A. §9-11-8.

## FOURTH DEFENSE

To the extent as may be shown by the evidence through discovery, Defendant asserts the affirmative defenses of contributory/comparative negligence against Plaintiffs and Plaintiffs' decedent.

## FIFTH DEFENSE

To the extent as may be shown by the evidence through discovery, Defendant avers that Plaintiffs and/or Plaintiffs' Decedent, by the exercise of ordinary care, could have avoided the consequences of any act or failure to act of Defendant; however Defendant denies that any act or failure to act on its part caused or contributed to, in any way whatsoever, the damages complained of in Plaintiffs' Complaint for Damages.

## SIXTH DEFENSE

To the extent as may be shown by the evidence through discovery, Defendant avers that it is not liable to Plaintiffs because Plaintiffs' and/or Plaintiffs' Decedent's own negligence equaled or exceeded that of Defendant, if any.  However Defendant denies it produced, brought about, caused, or contributed to, in any whatsoever, the damages complained of in Plaintiffs' Complaint for Damages.

## SEVENTH DEFENSE

Defendant asserts that the matter in question and Plaintiffs' alleged damages, if any, were directly and proximately caused by acts and /or failure to act of persons or entities other than Defendant, to wit: non-parties Anthony Smith, Delores Michelle Smith, and Tony Smith, 1281 Brockett Road, Apartment #14C, Clarkston, Georgia 30021 and Darrell (D.J.) Smith, son of Deborah Jackson Smith, address unknown.

## EIGHTH DEFENSE

To the extent as may be shown by the evidence through discovery, Defendant avers that it is not liable to Plaintiffs because Plaintiffs and/or Plaintiffs' Decedent failed to exercise ordinary care for Plaintiffs' Decedent's own safety.

## NINTH DEFENSE

To the extent as may be shown by the evidence through discovery, Defendant avers that it is not liable to Plaintiffs because Plaintiffs' and/or Plaintiffs' Decedent assumed the risk of their injuries.

## TENTH DEFENSE

Defendant asserts that the matter in question and Plaintiffs' alleged damages, if any, were directly and proximately caused by acts and /or failure to act of persons or entities other than Defendant, to wit: John Doe, who started the subject fire.

## ELEVENTH DEFENSE

Defendant reserves the right to amend its Answer with additional defenses that may be developed through the course of discovery.

### TWELFTH DEFENSE

The claim for punitive damages in this case violates the Constitution of the United States of America and the Constitution of Georgia.

### THIRTEENTH DEFENSE

Plaintiffs may lack standing to bring this claim.

### FOURTEENTH DEFENSE

Defendant did not breach any duty of care to Plaintiffs' decedent.

WHEREFORE , Defendant prays for dismissal of all Plaintiffs' claims, or judgment in Defendant's favor as to all counts, that Plaintiffs take nothing, that all costs of this action be assessed against Plaintiffs, and for such further relief in favor of Defendant that this Court deems just and proper.

This \_\_\_\_\_ day of February, 2009.

CRUSER & MITCHELL, LLP

Meridian II, Suite 2000
275 Scientific Drive
Norcross, GA 30092
(404) 881-2622 – Telephone
(404) 881-2630 – Facsimile

Christine H. Hall
Georgia Bar No. 318385
Kathleen M. Hurley
Georgia Bar No. 379659
*Attorneys for Defendants*

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| NICOLE SUMMERS STOKELY, Individually, and JAMES STOKELY, Individually, and NICOLE SUMMERS STOKELY, as Administratrix of the Estate of DEVONT'A STOKELY, deceased, | )<br>)<br>)<br>)<br>)<br>) | |
| | ) | CIVIL ACTION FILE NO. |
| Plaintiffs, | )<br>) | 08A99139-2 |
| | ) | |
| vs. | )<br>) | |
| LAKESHORE ATLANTA APARTMENTS, LLLP and VENTRON MANAGEMENT, LLC D/B/A LAKESHORE APARTMENTS, | )<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing

**ANSWER AND DEFENSES OF DEFENDANT VENTRON MANAGEMENT, LLC D/B/A**

**LAKESHORE APARTMENTS** upon all parties to this matter by depositing a true copy of

same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows:

Peter A. Law, Esq.
PETER A LAW, P.C.
3340 Peachtree Road, N.E.
Atlanta, Georgia 30326

This \\ day of February, 2009.

{Firm\827\005\00310676.DOC}

10

**CRUSER & MITCHELL, LLP**

Meridian II, Suite 2000
275 Scientific Drive
Norcross, GA 30092
(404) 881-2622 – Telephone
(404) 881-2630 – Facsimile

Christine H. Hall
Georgia Bar No. 318385
Kathleen M. Hurley
Georgia Bar No. 379659
*Attorneys for Defendants*

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| NICOLE SUMMERS STOKELY, Individually, and JAMES STOKELY, Individually, and NICOLE SUMMERS STOKELY, as Administratrix of the Estate of DEVONT'A STOKELY, deceased, | ) ) ) ) ) ) | CIVIL ACTION FILE NO. 08A99139-2 |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| LAKESHORE ATLANTA APARTMENTS, LLLP and VENTRON MANAGEMENT, LLC D/B/A LAKESHORE APARTMENTS, | ) ) ) ) ) | |
| Defendants. | ) | |

STATE COURT OF
DEKALB COUNTY, GA
2009 FEB 11  PM 12: 16
FILED

## TWELVE-PERSON JURY DEMAND OF VENTRON MANAGEMENT, LLC d/b/a LAKESHORE APARTMENTS

COMES NOW Defendant Ventron Management, LLC d/b/a Lakeshore Apartments, and

files this Demand for Trial by a Jury of 12 Jurors pursuant to O.C.G.A. § 15-12-122(a)(2), which

states as follows:

> In all civil actions in the state courts in which the claim for damages is greater than $25,000.00, either party may demand in writing prior to the commencement of the trial term that the case be tried by a jury of 12.  If such a demand is made, the judge shall follow the procedures for superior courts of subsection (b) of this Code section.

> See also O.C.G.A. § 15-12-123(a)(2) which reads as follows:

> In all civil actions in the state courts in which a jury of 12 is demanded, the judge shall follow the procedures for superior courts of sub-section (b) of this Code section.

> WHEREFORE, demand is made for trial of this case by a jury of 12 as provided by law.

{Firm\827\005\00310887.DOC}

This \_\_\_\_\_ day of February, 2009.

**CRUSER & MITCHELL, LLP**

Meridian II, Suite 2000
275 Scientific Drive
Norcross, GA 30092
(404) 881-2622 – Telephone
(404) 881-2630 – Facsimile

Christine H. Hall
Georgia Bar No. 318385
Kathleen M. Hurley
Georgia Bar No. 379659
*Attorneys for Defendants*

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

NICOLE SUMMERS STOKELY, )
Individually, and JAMES STOKELY, )
Individually, and NICOLE SUMMERS )
STOKELY, as Administratrix of the )  **CIVIL ACTION FILE NO.**
Estate of DEVONT'A STOKELY, )  **08A99139-2**
deceased, )
 )
   Plaintiffs, )
 )
vs. )
 )
LAKESHORE ATLANTA )
APARTMENTS, LLLP and VENTRON )
MANAGEMENT, LLC D/B/A )
LAKESHORE APARTMENTS, )
 )
   Defendants. )

## CERTIFICATE OF SERVICE

   I HEREBY CERTIFY that I have this day served a copy of the within and foregoing

**TWELVE-PERSON JURY DEMAND OF VENTRON MANAGEMENT, LLC d/b/a**

**LAKESHORE APARTMENTS** upon all parties to this matter by depositing a true copy of

same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows:

Peter A. Law, Esq.
PETER A LAW, P.C.
3340 Peachtree Road, N.E.
Atlanta, Georgia  30326

This _\|\|_ day of February, 2009.

CRUSER & MITCHELL, LLP

Meridian II, Suite 2000  
275 Scientific Drive  
Norcross, GA 30092  
(404) 881-2622 – Telephone  
(404) 881-2630 – Facsimile

Christine H. Hall  
Georgia Bar No. 318385  
Kathleen M. Hurley  
Georgia Bar No. 379659  
*Attorneys for Defendants*

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| NICOLE SUMMERS STOKELY,<br>Individually, and JAMES STOKELY,<br>Individually, and NICOLE SUMMERS<br>STOKELY, as Administratrix of the<br>Estate of DEVONT'A STOKELY,<br>deceased, | )<br>)<br>)<br>)<br>)<br>) | |
| | ) | CIVIL ACTION FILE NO.<br>08A99139-2 |
| Plaintiffs, | )<br>) | |
| vs. | )<br>) | |
| LAKESHORE ATLANTA<br>APARTMENTS, LLLP and VENTRON<br>MANAGEMENT, LLC D/B/A<br>LAKESHORE APARTMENTS, | )<br>)<br>)<br>) | |
| Defendants. | )<br>) | |

STATE COURT OF
DEKALB COUNTY, GA
2009 FEB 11  PM 12: 17

## ANSWER AND DEFENSES OF DEFENDANT LAKESHORE ATLANTA APARTMENTS LLLP TO PLAINTIFFS' COMPLAINT

COMES NOW LAKESHORE ATLANTA APARTMENTS LLLP ("Defendant"), a

Defendant in the above-styled Civil Action, and files this Answer and Defenses to Plaintiffs'

Complaint ("Complaint").

## FIRST DEFENSE

Defendant answers the numbered paragraphs of Plaintiffs' Complaint as follows:

1.

Defendant is without sufficient information or knowledge to form a belief as to the truth

of the allegations contained in paragraph 1 of Plaintiffs' Complaint for Damages and, thus,

neither admits nor denies same.

2.

Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 2 of Plaintiffs' Complaint for Damages and, thus, neither admits nor denies same.

3.

Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 3 of Plaintiffs' Complaint for Damages and, thus, neither admits nor denies same.

4.

Defendant admits the allegations contained in paragraph 4 of Plaintiffs' Complaint.

5.

Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 5 of Plaintiffs' Complaint for Damages and, thus, neither admits nor denies same.

6.

Defendant admits only that it owned the apartment complex located at 1281 Brockett Road, Clarkston, Georgia 30021. Defendant denies the remaining allegations contained in paragraph 6 of Plaintiffs' Complaint.

7.

Defendant denies the allegations contained in paragraph 7 of Plaintiffs' Complaint.

8.

Defendant denies as pled the allegations contained in paragraph 8 of Plaintiffs' Complaint.

9.

Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 9 of Plaintiffs' Complaint for Damages and, thus, neither admits nor denies same.

10.

Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 10 of Plaintiffs' Complaint for Damages and, thus, neither admits nor denies same.

11.

Defendant denies the allegations contained in paragraph 11 of Plaintiffs' Complaint.

12.

Defendant denies the allegations contained in paragraph 12 of Plaintiffs' Complaint.

13.

Defendant denies the allegations contained in paragraph 13 of Plaintiffs' Complaint.

14.

Defendant denies the allegations contained in paragraph 14 of Plaintiffs' Complaint.

15.

Defendant denies the allegations contained in paragraph 15 of Plaintiffs' Complaint.

16.

Defendant denies the allegations contained in paragraph 16 of Plaintiffs' Complaint. As a further response, Defendant denies that Plaintiffs' Decedent was an invitee.

17.

Defendant denies the allegations contained in paragraph 17 of Plaintiffs' Complaint. As a further response, Defendant denies that Plaintiffs' Decedent was an invitee.

18.

Defendant denies the allegations contained in paragraph 18 of Plaintiffs' Complaint. As a further response, Defendant denies that Plaintiffs' Decedent was an invitee.

19.

Defendant denies the allegations contained in paragraph 19 of Plaintiffs' Complaint.

20.

Defendant denies the allegations contained in paragraph 20 of Plaintiffs' Complaint. As a further response, Defendant denies that Plaintiffs' Decedent was an invitee.

21.

Defendant denies the allegations contained in paragraph 21 of Plaintiffs' Complaint.

22.

Defendant denies the allegations contained in paragraph 22 of Plaintiffs' Complaint.

23.

Defendant denies the allegations contained in paragraph 23 of Plaintiffs' Complaint.

24.

Defendant denies the allegations contained in paragraph 24 of Plaintiffs' Complaint.

25.

Defendant denies the allegations contained in paragraph 25 of Plaintiffs' Complaint.

26.

Defendant denies the allegations contained in paragraph 26 of Plaintiffs' Complaint. As a further response, Defendant denies that Plaintiffs' Decedent was an invitee.

27.

Defendant denies the allegations contained in paragraph 27 of Plaintiffs' Complaint.

28.

Defendant denies the allegations contained in paragraph 28 of Plaintiffs' Complaint.

29.

Defendant denies the allegations contained in paragraph 29 of Plaintiffs' Complaint.

30.

Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 30 of Plaintiffs' Complaint for Damages and, thus, neither admits nor denies same.

31.

Defendant denies the allegations contained in paragraph 31 of Plaintiffs' Complaint.

32.

Defendant denies the allegations contained in paragraph 32 of Plaintiffs' Complaint, including all subparts.

33.

Defendant denies the allegations contained in paragraph 33 of Plaintiffs' Complaint.

34.

Defendant denies the allegations contained in paragraph 34 of Plaintiffs' Complaint.

35.

Defendant denies the allegations contained in paragraph 35 of Plaintiffs' Complaint.

36.

Defendant denies the allegations contained in paragraph 36 of Plaintiffs' Complaint, including all subparts.

37.

Defendant denies the allegations contained in paragraph 37 of Plaintiffs' Complaint.

38.

Defendant denies the allegations contained in paragraph 38 of Plaintiffs' Complaint.

39.

Defendant denies the allegations contained in paragraph 39 of Plaintiffs' Complaint.

40.

Defendant denies the allegations following the word WHEREFORE in Plaintiffs' Complaint. As a further response, Defendant denies that Plaintiffs are entitled to any relief whatsoever from this Defendant.

41.

Defendant specifically denies any and all other paragraphs, titles, introductions, claims for relief, and all other allegations or averments not specifically responded to herein.

## SECOND DEFENSE

If injuries and damages were sustained by the Plaintiffs at the time and place and in the manner alleged in the Complaint, such injuries and damages were caused by negligence of some other person or persons over whom Defendant exercised no control.

### THIRD DEFENSE

Defendant asserts each affirmative defense to the extent applicable as set out in O.C.G.A. §9-11-8.

### FOURTH DEFENSE

To the extent as may be shown by the evidence through discovery, Defendant asserts the affirmative defenses of contributory/comparative negligence against Plaintiffs' and Plaintiffs' decedent.

### FIFTH DEFENSE

To the extent as may be shown by the evidence through discovery, Defendant avers that Plaintiffs and/or Plaintiffs' Decedent, by the exercise of ordinary care, could have avoided the consequences of any act or failure to act of Defendant; however Defendant denies that any act or failure to act on its part caused or contributed to, in any way whatsoever, the damages complained of in Plaintiffs' Complaint for Damages.

### SIXTH DEFENSE

To the extent as may be shown by the evidence through discovery, Defendant avers that it is not liable to Plaintiffs because Plaintiffs' and/or Plaintiffs' Decedent's own negligence equaled or exceeded that of Defendant, if any.  However Defendant denies it produced, brought about, caused, or contributed to, in any whatsoever, the damages complained of in Plaintiffs' Complaint for Damages.

### SEVENTH DEFENSE

Defendant asserts that the matter in question and Plaintiffs' alleged damages, if any, were directly and proximately caused by acts and /or failure to act of persons or entities other than Defendant, to wit: non-parties Anthony Smith, Delores Michelle Smith, and Tony Smith, 1281

Brockett Road, Apartment #14C, Clarkston, Georgia 30021 and Darrell (D.J.) Smith, son of Deborah Jackson Smith, address unknown.

### EIGHTH DEFENSE

To the extent as may be shown by the evidence through discovery, Defendant avers that it is not liable to Plaintiffs because Plaintiffs and/or Plaintiffs' Decedent failed to exercise ordinary care for Plaintiffs' Decedent's own safety.

### NINTH DEFENSE

To the extent as may be shown by the evidence through discovery, Defendant avers that it is not liable to Plaintiffs because Plaintiffs' and/or Plaintiffs' Decedent assumed the risk of their injuries.

### TENTH DEFENSE

Defendant asserts that the matter in question and Plaintiffs' alleged damages, if any, were directly and proximately caused by acts and /or failure to act of persons or entities other than Defendant, to wit: John Doe, who started the subject fire.

### ELEVENTH DEFENSE

Defendant reserves the right to amend its Answer with additional defenses that may be developed through the course of discovery.

### TWELFTH DEFENSE

The claim for punitive damages in this case violates the Constitution of the United States of America and the Constitution of Georgia.

### THIRTEENTH DEFENSE

Plaintiffs may lack standing to bring this claim.

## FOURTEENTH DEFENSE

Defendant did not breach any duty of care to Plaintiffs' decedent.

WHEREFORE , Defendant prays for dismissal of all Plaintiffs' claims, or judgment in Defendant's favor as to all counts, that Plaintiffs take nothing, that all costs of this action be assessed against Plaintiffs, and for such further relief in favor of Defendant that this Court deems just and proper.

This _____ day of February, 2009.

**CRUSER & MITCHELL, LLP**

Christine H. Hall
Georgia Bar No. 318385
Kathleen M. Hurley
Georgia Bar No. 379659
*Attorneys for Defendants*

Meridian II, Suite 2000
275 Scientific Drive
Norcross, GA 30092
(404) 881-2622 – Telephone
(404) 881-2630 – Facsimile

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

NICOLE SUMMERS STOKELY,            )
Individually, and JAMES STOKELY,   )
Individually, and NICOLE SUMMERS   )
STOKELY, as Administratrix of the  )          CIVIL ACTION FILE NO.
Estate of DEVONT'A STOKELY,        )              08A99139-2
deceased,                          )
                                   )
    Plaintiffs,            )
                                   )
vs.                                )
                                   )
LAKESHORE ATLANTA                  )
APARTMENTS, LLLP and VENTRON       )
MANAGEMENT, LLC D/B/A              )
LAKESHORE APARTMENTS,              )
                                   )
    Defendants.            )

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing

**ANSWER AND DEFENSES OF DEFENDANT LAKESHORE ATLANTA**

**APARTMENTS, LLLP** upon all parties to this matter by depositing a true copy of same in the

U.S. Mail, proper postage prepaid, addressed to counsel of record as follows:

Peter A. Law, Esq.
PETER A LAW, P.C.
3340 Peachtree Road, N.E.
Atlanta, Georgia 30326

This \_\_\_ day of February, 2009.

CRUSER & MITCHELL, LLP

Meridian II, Suite 2000
275 Scientific Drive
Norcross, GA 30092
(404) 881-2622 – Telephone
(404) 881-2630 – Facsimile

Christine H. Hall
Georgia Bar No. 318385
Kathleen M. Hurley
Georgia Bar No. 379659
*Attorneys for Defendants*

11

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| NICOLE SUMMERS STOKELY, Individually, and JAMES STOKELY, Individually, and NICOLE SUMMERS STOKELY, as Administratrix of the Estate of DEVONT'A STOKELY, deceased,<br><br>     **Plaintiffs,**<br><br>**vs.**<br><br>LAKESHORE ATLANTA APARTMENTS, LLLP and VENTRON MANAGEMENT, LLC D/B/A LAKESHORE APARTMENTS,<br><br>     **Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CIVIL ACTION FILE NO.
08A99139-2

STATE COURT OF
DEKALB COUNTY, GA
2009 FEB 1[ ] PM 12: 1[ ]

## TWELVE-PERSON JURY DEMAND OF LAKESHORE ATLANTA APARTMENTS, LLLP

COMES NOW Defendant Lakeshore Atlanta Apartments, LLLP and files this Demand

for Trial by a Jury of 12 Jurors pursuant to O.C.G.A. § 15-12-122(a)(2), which states as follows:

> In all civil actions in the state courts in which the claim for damages is greater than $25,000.00, either party may demand in writing prior to the commencement of the trial term that the case be tried by a jury of 12. If such a demand is made, the judge shall follow the procedures for superior courts of subsection (b) of this Code section.

See also O.C.G.A. § 15-12-123(a)(2) which reads as follows:

> In all civil actions in the state courts in which a jury of 12 is demanded, the judge shall follow the procedures for superior courts of sub-section (b) of this Code section.

WHEREFORE, demand is made for trial of this case by a jury of 12 as provided by law.

{Firm\827\005\00310896.DOC}

This _____ day of February, 2009.

**CRUSER & MITCHELL, LLP**

Meridian II, Suite 2000
275 Scientific Drive
Norcross, GA 30092
(404) 881-2622 – Telephone
(404) 881-2630 – Facsimile

Christine H. Hall
Georgia Bar No. 318385
Kathleen M. Hurley
Georgia Bar No. 379659
*Attorneys for Defendants*

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| NICOLE SUMMERS STOKELY,<br>Individually, and JAMES STOKELY,<br>Individually, and NICOLE SUMMERS<br>STOKELY, as Administratrix of the<br>Estate of DEVONT'A STOKELY,<br>deceased, | )<br>)<br>)<br>)<br>)<br>) | |
| | ) | CIVIL ACTION FILE NO.<br>08A99139-2 |
| Plaintiffs, | )<br>) | |
| vs. | )<br>) | |
| LAKESHORE ATLANTA<br>APARTMENTS, LLLP and VENTRON<br>MANAGEMENT, LLC D/B/A<br>LAKESHORE APARTMENTS, | )<br>)<br>)<br>) | |
| Defendants. | )<br>) | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing

**TWELVE-PERSON JURY DEMAND OF LAKESHORE ATLANTA APARTMENTS,**

**LLLP** upon all parties to this matter by depositing a true copy of same in the U.S. Mail, proper

postage prepaid, addressed to counsel of record as follows:

Peter A. Law, Esq.
PETER A LAW, P.C.
3340 Peachtree Road, N.E.
Atlanta, Georgia  30326

This ____ day of February, 2009.

CRUSER & MITCHELL, LLP

Meridian II, Suite 2000
275 Scientific Drive
Norcross, GA 30092
(404) 881-2622 – Telephone
(404) 881-2630 – Facsimile

Christine H. Hall
Georgia Bar No. 318385
Kathleen M. Hurley
Georgia Bar No. 379659
*Attorneys for Defendants*

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| NICOLE SUMMERS STOKELY, Individually, and JAMES STOKELY, Individually, and NICOLE SUMMERS STOKELY, as Administratrix of the Estate of DEVONT'A STOKELY, deceased, | ) ) ) ) ) ) | CIVIL ACTION FILE NO. 08A99139-2 |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) ) | |
| LAKESHORE ATLANTA APARTMENTS, LLLP and VENTRON MANAGEMENT, LLC D/B/A LAKESHORE APARTMENTS, | ) ) ) ) ) | |
| Defendants. | ) ) | |

STATE COURT OF
DEKALB COUNTY, GA
2009 FEB 11  PM 12: 17
FILED

## DEFENDANTS LAKESHORE ATLANTA APARTMENTS, LLLP AND VENTRON MANAGEMENT, LLC D/B/A LAKESHORE APARTMENTS' NOTICE OF FILING NOTICE OF REMOVAL

TO:    Nicole Summers Stokely, Individually, and
       James Stokely, Individually, ad Nicole
       Summers Stokely, as Administratrix of the
       Estate of Devont'a Stokely, deceased
       c/o Peter A. Law, Esq.
       PETER A. LAW, P.C.
       Tower Place 100, Suite 1530
       3340 Peachtree Road, N.E.
       Atlanta, Georgia  30326

Pursuant to 28 U.S.C. §1446(d), you are hereby notified that defendants have filed

a Notice of Removal of the above-styled action to the United States District Court for the

Northern District of Georgia, Atlanta Division, a copy of which is attached hereto and by

reference made a part hereof.

Respectfully submitted, this ⎯⎯ day of February,  2009.

                                        **CRUSER & MITCHELL, LLP**


Meridian II, Suite 2000                 Christine H. Hall
275 Scientific Drive                    Georgia Bar No. 318385
Norcross, GA 30092                      Kathleen M. Hurley
(404) 881-2622 – Telephone              Georgia Bar No. 379659
(404) 881-2630 – Facsimile              *Attorneys for Defendants*

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| NICOLE SUMMERS STOKELY,<br>Individually, and JAMES STOKELY,<br>Individually, and NICOLE SUMMERS<br>STOKELY, as Administratrix of the<br>Estate of DEVONT'A STOKELY,<br>deceased,<br><br>　　　Plaintiffs,<br><br>vs.<br><br>LAKESHORE ATLANTA<br>APARTMENTS, LLLP and VENTRON<br>MANAGEMENT, LLC D/B/A<br>LAKESHORE APARTMENTS,<br><br>　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION FILE NO.<br>08A99139-2 |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a copy of the within and

foregoing **DEFENDANTS LAKESHORE ATLANTA APARTMENTS, LLLP AND**

**VENTRON MANAGEMENT, LLC D/B/A LAKESHORE APARTMENTS'**

**NOTICE OF FILING NOTICE OF REMOVAL** upon all parties to this matter by

depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to

counsel of record as follows:

Peter A. Law, Esq.
PETER A LAW, P.C.
3340 Peachtree Road, N.E.
Atlanta, Georgia 30326

This ⧸⧸ day of February, 2009.

CRUSER & MITCHELL, LLP

Meridian II, Suite 2000                     Christine H. Hall
275 Scientific Drive                        Georgia Bar No. 318385
Norcross, GA 30092                          Kathleen M. Hurley
(404) 881-2622 – Telephone                  Georgia Bar No. 379659
(404) 881-2630 – Facsimile                  *Attorneys for Defendants*

{Firm\827\005\00312094.DOC}